**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

LEWIS E. DAY,                          )
                                       )
            Petitioner,                )
                                       )
      v.                               )            No. 4:21-CV-01494-AGF
                                       )
DENISE HACKER,                         )
                                       )
                                       )
            Respondent.                )

## MEMORANDUM & ORDER

This matter is before the Court on Petitioner's Motion for Reconsideration of

Judgment.  ECF No. 18.  For the reasons stated below, Petitioner's motion will be denied.

Petitioner commenced this action on December 21, 2021, by filing a petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On March 11, 2025, the Court

denied the petition after determining that Petitioner had procedurally defaulted nine out

of his ten grounds for relief by failing to pursue them on direct appeal.  The Court also

determined that Petitioner's remaining ground could not support a grant of habeas corpus

because the Court may not re-examine an issue of state law, and it could not be said that

the state court's adjudication of Petitioner's claims resulted in a decision that was

contrary to or that involved an unreasonable application of clearly established federal

law.

Petitioner now asks this Court in a single-sentence motion to reconsider the

"Judgment Order" of his case.  ECF No. 18.  It is unclear whether Petitioner intends his

*pro se* motion for reconsideration to be brought under Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason). Fed. R. Civ. P. 59(e), 60(b); *see also Sanders v. Clemco Indus.*, 862 F.2d 161, 164-65, 168-69 (8th Cir. 1988) (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)).

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. *See White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *Id.* Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment." *Id.* Furthermore, district courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

In contrast to Rule 59(e), Rule 60(b) permits a Court to relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

After reviewing Plaintiff's motion, the Court finds that there are no grounds for granting relief under either Rule 59(e) or 60(b). Petitioner fails to point to any manifest errors of law or fact or any newly discovered evidence, and he fails to set forth any exceptional circumstances that justify extraordinary relief.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration is **DENIED.** ECF No. 18.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of April, 2025.